John Erin McOsker (SBN 169191)
E-mail: jmcosker@bwslaw.com
Daphne M. Anneet (SBN 175414)
E-mail: danneet@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
PalAmerican Security (California) Inc.

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JACOBS, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PALAMERICAN SECURITY CALIFORNIA INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**[Federal Question - 28 U.S.C. §§ 1331, 1441, 1446]** |

**TO THIS HONORABLE COURT AND TO PLAINTIFF TOM JACOBS AND HIS ATTORNEYS OF RECORD:**

Defendant PalAmerican Security (California) Inc. erroneously named as "PALAMERICAN SECURITY CALIFORNIA INC." ("Defendant") hereby gives notice of the removal of the above-referenced action from the Superior Court of California, County of Alameda to the United States District Court of California, Northern District of California.

This removal is based on the following grounds:

Plaintiff Tom Jacobs ("Plaintiff") filed his original class action complaint in Alameda Superior Court on December 21, 2023, and served his summons and

complaint on Defendant on or about January 23, 2024.  The matter, styled *Tom Jacobs, on behalf of himself and others similarly situated  v. Palamerican Security California Inc., et al.,* Case No. 23CV057373, was re-assigned to Department 23 of the Alameda Superior Court, the Honorable Tara Desautels presiding, on or about January 12, 2024.

This is a suit of wholly civil nature brought in California court. The action is pending in Alameda County, California, and accordingly, under Title 28 United States Code §§ 84(c) and 1441(a), the United States District Court for the Northern District of California, is the proper forum for removal.

Notice of removal is timely filed, as Defendant was served with the above-referenced Complaint less than 30 days before the date of this Notice of Removal; therefore this Notice of Removal is timely.

Copies of the complaint, all orders, and all process and papers served on Defendant are attached as follows:

**Exhibit 1**: a copy of Plaintiff's original complaint along with Service of Process Transmittal Notice; Summons; Civil Case Cover Sheet; the Superior Court's December 21, 2023 Notice of Case Management Conference; and the Amended Civil Case Cover Sheet filed by Plaintiff on January 2, 2024 in the Superior Court;

**Exhibit 2:** the Superior Court's January 12, 2024 Notice of Case Reassignment and Order for Plaintiff to Give Notice; the Superior Court's January 12, 2024 Minutes Nature of Proceedings: Court Order Deemed Complex; the Superior Court's January 12, 2024 Order Deemed Complex; the Superior Court's January 12, 2024 Minutes Nature of Proceedings: Court Order Initial Case Management Conference; the Superior Court's January 12, 2024 Order Initial Case Management Conference;

///

///

**Exhibit 3:** Defendant's Answer to Plaintiff's original complaint filed and served electronically on February 21, 2024 in the aforementioned Superior Court action.

This action involves claims governed by the parties' Collective Bargaining Agreement, and as such, this action is subject to federal jurisdiction under 28 U.S.C.A. § 1331 and on the basis of preemption under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"). This Court therefore has jurisdiction of this action under 28 U.S.C.A. § 1331 and, because Section 301 of the LMRA preempts Plaintiff's state claims.

On the date set forth below, a copy of this Notice of Removal is being served on Plaintiff's attorney of record.  On the same date, a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of Alameda.

WHEREFORE, Defendant prays that the above-referenced action now pending in the Superior Court of the State of California, County of Alameda Case No. 23CV057373, be removed from that Court to this United States District Court. Defendant further prays that this matter be assigned to the San Francisco or Oakland branch by the Court Clerk, pursuant to Northern District Local Rule 3-2.

Respectfully submitted,

Dated: February 22, 2024         BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ John E. McOsker*
    John E. McOsker
    Daphne M. Anneet
    Attorneys for Defendant
    PalAmerican Security (California) Inc.

1

## **DEMAND FOR JURY TRIAL**

2          Defendant hereby respectfully requests a trial by jury on all appropriate

3    issues raised in Plaintiff's Complaint.

4                                        Respectfully submitted,

5

6    Dated: February 22, 2024                    BURKE, WILLIAMS & SORENSEN,
                                                 LLP

7

8                                        By: /s/ *John E. McOsker*
                                             John E. McOsker
9                                            Daphne M. Anneet
                                             Attorneys for Defendant
10                                           PalAmerican Security (California)
                                             Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

LMS Packing Slip

# Package ID: 3924168

| | |
|---|---|
| **Tracking Number:** | 270134961640 |
| **Package Recipient:** | Jason Begin |
| **Recipient Company:** | PalAmerican Security |
| **Recipient Address:** | 11300 4th St N Ste 150 Saint Petersburg FL 33716-2940 USA |
| **Phone Number:** | 7275501085 |

## Package Contents:

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 28378129 | 23CV057373 | Tom Jacobs vs. Palamerican Security California Inc. |



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28378129**
**Date Processed: 01/23/2024**

| Primary Contact: | Jason Begin<br>PalAmerican Security<br>11300 4th St N<br>Ste 150<br>Saint Petersburg, FL 33716-2940 |
|---|---|

| | |
|---|---|
| **Entity:** | PalAmerican Security (California) Inc.<br>Entity ID Number  4199022 |
| **Entity Served:** | Palamerican Security California Inc. |
| **Title of Action:** | Tom Jacobs vs. Palamerican Security California Inc. |
| **Matter Name/ID:** | Tom Jacobs vs. Palamerican Security California Inc. (15033491) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 23CV057373 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/23/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Lavi & Ebrahimian, Llp<br>310-432-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Exhibits to Notice of Removal

7

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Jovahn Wiggins, Esq. (SBN 349903)
   Cassandra Castro, Esq. (SBN 334238)
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Boulevard, Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
5  Facsimile: (310) 432-0001
6  Email: jlavi@lelawfirm.com
           vgranberry@lelawfirm.com
7          jwiggins@lelawfirm.com
           ccastro@lelawfirm.com
8
   Attorneys for Plaintiff TOM JACOBS,
9  on behalf of himself and others similarly situated,

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
12/21/2023 at 03:13:23 PM
By: Suzanne Pesko,
Deputy Clerk

11                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **FOR THE COUNTY OF ALAMEDA**

13  TOM JACOBS, on behalf of himself and others
    similarly situated,

14                                              Case No.: 23CV057373

15                    Plaintiff,                **CLASS ACTION**

16          vs.                                 **PLAINTIFF TOM JACOBS'S**
                                                **COMPLAINT FOR DAMAGES AND**
17  PALAMERICAN SECURITY CALIFORNIA             **RESTITUTION FOR:**
    INC.; and DOES 1 to 100, inclusive,
18                                              1.  **FAILURE TO PAY WAGES FOR**
                    Defendants.                     **ALL HOURS WORKED AT**
19                                                  **MINIMUM WAGE IN**
                                                    **VIOLATION OF LABOR CODE**
20                                                  **SECTIONS 1194 AND 1197**

21                                              2.  **FAILURE TO PAY OVERTIME**
                                                    **WAGES FOR DAILY**
22                                                  **OVERTIME WORKED IN**
                                                    **VIOLATION OF LABOR CODE**
23                                                  **SECTIONS 510 AND 1194**

24                                              3.  **FAILURE TO AUTHORIZE OR**
                                                    **PERMIT MEAL PERIODS IN**
25                                                  **VIOLATION OF LABOR CODE**
                                                    **SECTIONS 512 AND 226.7**
26
                                                4.  **FAILURE TO AUTHORIZE OR**
27                                                  **PERMIT REST PERIODS IN**
                                                    **VIOLATION OF LABOR CODE**
28                                                  **SECTION 226.7**

                                                5.  **FAILURE TO INDEMNIFY**
                                                    **EMPLOYEES FOR**
                                                    **EMPLOYMENT-RELATED**

                              **COMPLAINT**
                                   1

LOSSES/EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802

6. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

7. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

8. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

   **COMES NOW** Plaintiff TOM JACOBS ("Plaintiff"), who alleges and complains against Defendants PALAMERICAN SECURITY CALIFORNIA INC.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

**I.   INTRODUCTION**

   1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods  or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of

Exhibits to Notice of Removal
9

1    Plaintiff and others similarly situated.

2    **II.        JURIDISCTION AND VENUE**

3            2.        This Court has jurisdiction over Plaintiff's and putative class members' claims for

4    failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the

5    overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal

6    periods or pay meal period premium wages; failure to authorize or permit all legally required

7    and/or compliant rest periods or pay rest period premium wages; indemnification for all necessary

8    expenditures or losses incurred by employees in direct consequence of discharging their duties;

9    statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties

10   in the form of continuation wages for failure to timely pay employees all wages due upon

11   separation of employment; and claims for injunctive relief and restitution under California

12   Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants

13   operate throughout California; Defendants employed Plaintiff and putative class members in

14   locations throughout California, including but not limited to Alameda County, at 1970 Broadway,

15   Suite 840, Oakland, CA 94612; more than two-thirds of putative class members are California

16   citizens; the principal violations of California law occurred in California; no other class actions

17   have been filed against Defendants in the last four (4) years alleging wage and hour violations; the

18   conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims;

19   and Plaintiff and putative class members seek significant relief from Defendants.

20   **III.       PARTIES**

21           3.        Plaintiff brings this action on behalf of himself and other members of the general

22   public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

23   is filed are current, former, and/or future employees of Defendants as direct employees as well as

24   temporary employees employed through temp agencies who work as hourly non-exempt

25   employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of

26   California and is still employed by Defendants in the State of California.

27           4.        Defendants employed Plaintiff as an hourly non-exempt employee from in or

28   around June 12, 2023, until August 28, 2023.

Exhibits to Notice of Removal
10

5.    Plaintiff is informed and believes and thereon alleges that Defendants employed him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.    Plaintiff is informed and believes and thereon alleges that Defendant PALAMERICAN SECURITY CALIFORNIA INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant PALAMERICAN SECURITY CALIFORNIA INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant PALAMERICAN SECURITY CALIFORNIA INC. operates in Alameda County and employed Plaintiff and putative class members in Alameda County, including but not limited to, at 1970 Broadway, Suite 840, Oakland, CA 94612.

7.    Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8.    Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendant named in the particular cause of action in which the word appears and includes Defendants PALAMERICAN SECURITY CALIFORNIA INC. and DOES 1 to 100, inclusive.

10.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11.    Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

**IV.    <u>DESCRIPTION OF ILLEGAL PAY PRACTICES</u>**

12.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11040, Defendants are employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections. Therefore, each of these Defendants are jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

13.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14.    Labor Code sections 1194 and 1197 require an employer to compensate employees

Exhibits to Notice of Removal
12

for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15.     Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) "Rounding down" or "shaving down" Plaintiffs' and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Requiring Plaintiff and similarly situated security guards to carry on their person and always monitor employer-issued walkie-talkies and/or dispatch phones during their shift resulting in Plaintiff and similarly situated security guards remaining on duty during their off-the-clock meal breaks.

16.     Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

17.     Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

18.     **Failure to pay wages for overtime hours worked at the overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

19.     Labor Code sections 510 and 1194 and Wage Order 4 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

Exhibits to Notice of Removal

workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 4, §3.

20.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to,

(a) "Rounding down" or "shaving down" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Requiring Plaintiff and similarly situated security guards to carry on their person and always monitor employer-issued walkie-talkies and/or dispatch phones during their shift resulting in Plaintiff and similarly situated security guards remaining on duty during their off-the-clock meal breaks.

21.    Plaintiff and similarly situated employees were not paid for this time.

22.    To the extent the employees had already worked 8 hours in the day and 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 4.

23.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

24.    **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-

exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

25.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 4, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4, §11.

26.     Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a) "Rounding down" or "shaving down" Plaintiffs' and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Failure to provide Plaintiff and similarly situated security guards with duty-free meal breaks by requiring Plaintiff and similarly situated security guards to remain on-duty during off-the-clock meal breaks with their walkie talkies on and monitored at all times.

27.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

28.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

29.    **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

30.    California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 4, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id*. Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 4, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 4, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time.

Exhibits to Notice of Removal
16

31.     In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to,

(a) Failure to provide Plaintiff and similarly situated security guards with duty-free rest breaks by requiring Plaintiff and similarly situated security guards to carry and always monitor their employer issued walkie talkies during their shift including during rest breaks.

32.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

33.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

34.     **Failure to indemnify employees for losses and expenditures incurred as part of their employment:** Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

35.     Defendants employed policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and similarly situated employees. These policies, practices, and/or procedures included, but were not limited to, requiring Plaintiff and similarly situated employees to use or purchase their own tools and/or resources in order to work for

Defendants, including but not limited to,

(a) Requiring Plaintiff and similarly situated security guards to use their personal cell phones to clock in and out for their shifts and meal breaks without reimbursement of the cellular and/or data expenses associated with such use.

36.    The costs incurred by Plaintiff and similarly situated employees to use or purchase their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

37.    Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive indemnification for the aforementioned necessary expenditures incurred as a result of their employment with Defendants.

38.    Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and similarly situated employees not receiving indemnification for employment-related expenditures, in violation of Labor Code section 2802.

39.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

40.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

Exhibits to Notice of Removal
18

to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

41. **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

42. As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that he, and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest period premium wages (all described above), were not paid at the time of Plaintiff's and other similarly situated employees' separation of employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202, and 203.

## V. CLASS DEFINITIONS AND CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of himself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A. **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B. **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

Exhibits to Notice of Removal
19

C.     **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

D.     **Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

E.     **Indemnification Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties.

F.     **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

G.     **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

Exhibits to Notice of Removal
20

1            H.    **California Class**: All aforementioned classes are herein collectively

2    referred to as the "California Class."

3        44.    There is a well-defined community of interest in the litigation and the classes are

4    ascertainable:

5            A.    **Numerosity**: While the exact number of class members in each class is

6    unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder

7    of all members is impractical under the circumstances of this case.

8            B.    **Common Questions Predominate**: Common questions of law and fact

9    exist as to all members of the Plaintiff classes and predominate over any questions that affect only

10    individual members of each class. The common questions of law and fact include, but are not

11    limited to:

12            i.    Whether Defendants violated Labor Code sections 1194 and 1197

13    by not paying wages at the minimum wage rate for all time that the Minimum Wage Class

14    Members were subject to Defendants' control;

15            ii.    Whether Defendants violated Labor Code sections 510 and 1194 by

16    not paying the Overtime Class Members at the applicable overtime rate for working in excess of

17    eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in

18    a workweek;

19            iii.    Whether Defendants violated Labor Code sections 512 and 226.7, as

20    well as the applicable Wage Order, by employing the Meal Period Class Members without

21    providing all compliant and/or required meal periods and/or paying meal period premium wages;

22            iv.    Whether Defendants violated Labor Code section 226.7, as well as

23    the applicable Wage Order, by employing the Rest Period Premium Wages Class Members

24    without paying rest period premium wages at the proper rate;

25            v.    Whether Defendants violated Labor Code section 2802 by failing to

26    provide Indemnification Class Members with reimbursement of costs to compensate them for the

27    necessary expenditures incurred in the discharge of their duties;

28            vi.    Whether Defendants failed to provide the Wage Statement Class

1    Members with accurate itemized statements at the time they received their itemized statements;

2                    vii.    Whether Defendants failed to provide the Waiting Time Class

3    Members with all of their earned wages upon separation of employment within the statutory time

4    period;

5                    viii.    Whether Defendants committed unlawful business acts or practice

6    within the meaning of Business and Professions Code sections 17200, *et seq.*;

7                    ix.    Whether Class Members are entitled to unpaid wages, penalties, and

8    other relief pursuant to their claims;

9                    x.    Whether, as a consequence of Defendants' unlawful conduct, the

10    Class Members are entitled to restitution, and/or equitable relief; and

11                    xi.    Whether Defendants' affirmative defenses, if any, raise any common

12    issues of law or fact as to Plaintiff and as to Class Members as a whole.

13            C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

14    in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

15    arising out of Defendants' failure to pay wages at least at minimum wage for all time the

16    employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

17    Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

18    hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of

19    Defendants' failure to provide non-exempt employees with all required meal periods and/or meal

20    periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period

21    premium wages as compensation. Plaintiff and members of the Rest Period Class sustained

22    damages arising out of Defendants' failure to provide non-exempt employees with all required rest

23    periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay

24    rest period premium wages as compensation Plaintiff and members of the Indemnification Class

25    sustained damages from Defendants' failure to provide reimbursement of costs to compensate

26    them for the necessary expenditures incurred in the discharge of their duties. Plaintiff and

27    members of the Wage Statement Class sustained damages arising out of Defendants' failure to

28    furnish them with accurate itemized wage statements in compliance with Labor Code section 226.

1    Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants'

2    failure to provide all unpaid yet earned wages due upon separation of employment within the

3    statutory time limit.

4         D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect

5    the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of

6    the other class members.

7         E.    **Superiority**: A class action is superior to other available means for the fair

8    and efficient adjudication of this controversy. Because individual joinder of all members of each

9    class is impractical, class action treatment will permit a large number of similarly situated persons

10   to prosecute their common claims in a single forum simultaneously, efficiently, and without the

11   unnecessary duplication of effort and expense that numerous individual actions would engender.

12   The expenses and burdens of individual litigation would make it difficult or impossible for

13   individual members of each class to redress the wrongs done to them, while important public

14   interests will be served by addressing the matter as a class action. The cost to and burden on the

15   court system of adjudication of individualized litigation would be substantial, and substantially

16   more than the costs and burdens of a class action. Individualized litigation would also present the

17   potential for inconsistent or contradictory judgments.

18        F.    **Public Policy Consideration**: Employers throughout the state violate wage

19   and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

20   indirect retaliation. Former employees fear bringing actions because they perceive their former

21   employers can blacklist them in their future endeavors with negative references or by other means.

22   Class actions provide the class members who are not named in the Complaint with a type of

23   anonymity that allows for vindication of their rights.

24                      **FIRST CAUSE OF ACTION**

25   **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

26      **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

27          **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

28        45.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

Exhibits to Notice of Removal
23

46.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

47.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

48.    Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

49.    Defendants employed policies, practices, and/or procedures including, but not limited to,

(a) "Rounding down" or "shaving down" Plaintiffs' and Minimum Wage Class's total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Requiring Plaintiff and similarly situated security guards to carry on their person and always monitor employer-issued walkie-talkies and/or dispatch phones during their shift resulting in Plaintiff and similarly situated security guards remaining on duty during their off-the-clock meal breaks.

50.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

51.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

52.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

/ /

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

**SECTIONS 510 and 1194**

**(Against All Defendants by Plaintiff and the Overtime Class)**

53.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

54.     At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 4.

55.     Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

56.     Labor Code section 510, subdivision (a), states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

57.     Further, Labor Code section 1198 provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

58.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

Exhibits to Notice of Removal
25

59.    Specifically, Defendants employed policies, practices, and/or procedures including, but not limited to,

(a) "Rounding down" or "shaving down" Plaintiff's and the Overtime Class's total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Requiring Plaintiff and similarly situated security guards to carry on their person and always monitor employer-issued walkie-talkies and/or dispatch phones during their shift resulting in Plaintiff and similarly situated security guards remaining on duty during their off-the-clock meal breaks.

60.    Plaintiff and the Overtime Class were not paid for this time.

61.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

62.    As a result of Defendants' unlawful conduct, Plaintiff and the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

63.    Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff and the Meal Period Class)**

64.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

65.    At all times relevant to this Complaint, Plaintiff and the Meal Period Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

Exhibits to Notice of Removal
26

66.     California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided."

67.     In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a) "Rounding down" or "shaving down" Plaintiff's and the Meal Period Class's total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants;

(b) Failure to provide Plaintiff and similarly situated security guards with duty-free meal breaks by requiring Plaintiff and similarly situated security guards to remain on-duty during off-the-clock meal breaks with their walkie talkies on and monitored at all times.

68.     Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

1    required and legally compliant meal periods.

2         69.    Defendants' unlawful conduct alleged herein occurred in the course of employment

3    of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this

4    Complaint.

5         70.    Because Defendants failed to provide employees with meal periods in compliance

6    with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of

7    additional pay at the regular rate of compensation for each workday that Defendants did not

8    provide all legally required and legally compliant meal periods, pursuant to Labor Code section

9    226.7 and the Wage Order.

10         71.    Plaintiff, on behalf of himself and the Meal Period Class seeks damages and all

11    other relief allowable, including a meal period premium wage for each workday Defendants failed

12    to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

13    <u>**FOURTH CAUSE OF ACTION**</u>

14    **FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION**

15    **OF LABOR CODE SECTION 226.7**

16    **(Against All Defendants by Plaintiff and the Rest Period Class)**

17         72.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

18         73.    At all times relevant to this Complaint, Plaintiff and the Rest Period Class were

19    employees of Defendants, covered by Labor Code section 226.7 and Wage Order 4.

20         74.    California law requires that "[e]very employer shall authorize and permit all

21    employees to take rest periods, which insofar as practicable shall be in the middle of each work

22    period. The authorized rest period time shall be based on the total hours worked daily at the rate of

23    ten (10) minutes net rest time per four (4) hours or major fraction thereof…." Wage Order 4, §12.

24    Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length,

25    20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10

26    hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53

27    Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement

28    "obligates employers to permit – and authorizes employees to take – off-duty rest periods."

**COMPLAINT**
21

*Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Wage Order 4, §12; Labor Code section 226.7.

75.    In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to, Defendants' policy, practice, and/or procedure of,

(a) Failure to provide Plaintiff and similarly situated security guards with duty-free rest breaks by requiring Plaintiff and similarly situated security guards to carry and always monitor their employer issued walkie talkies during their shift including during rest breaks.

76.    Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

77.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff  the Rest Period Class and such conduct has continued through the filing of this Complaint.

78.    Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

79.    Plaintiff, on behalf of himself and the Rest Period Class seeks damages and all

1    other relief allowable, including a rest period premium wage for each workday Defendants failed

2    to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

3    **FIFTH CAUSE OF ACTION**

4    **FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES**

5    **AND EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**

6    **(Against All Defendants by Plaintiff and the Indemnification Class)**

7    80.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

8    81.    Plaintiff and members of the Indemnification Class have been employed by

9    Defendants in the State of California. Labor Code section 2802(a) states that "[a]n employer shall

10    indemnify his or her employee for all necessary expenditures or losses incurred by the employee

11    in direct consequence of the discharge of his or her duties, or of his or her obedience to the

12    directions of the employer…" An employer is prohibited from passing the ordinary business

13    expenses and losses of the employer onto the employee. (Labor Code section 2802).

14    82.    Defendants violated Labor Code section 2802 by employing policies, practices,

15    and/or procedures of impermissibly passing business-related expenses to Plaintiff and

16    Indemnification Class Members. These policies, practices, and/or procedures included, but were

17    not limited to, requiring Plaintiff and Indemnification Class Members to use or purchase their own

18    tools and/or resources in order to work for Defendants, including but not limited to,

19        (a) Requiring Plaintiff and similarly situated security guards to use their personal cell

20    phones to clock in and out for their shifts and meal breaks without reimbursement of the cellular

21    and/or data expenses associated with such use.

22    83.    The costs incurred by Plaintiff and Indemnification Class Members to use or

23    purchase their own tools and/or resources for their mandatory compliance with Defendants'

24    aforementioned policies, practices, and/or procedures were significant as a result of their

25    employment with Defendants.

26    84.    Moreover, Defendants employed policies and procedures which ensured that

27    Plaintiff and Indemnification Class Members would not receive indemnification for all necessary

28    expenditures or losses incurred by them in direct consequence of discharging their duties.

Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and Indemnification Class Members not receiving indemnification for employment-related expenditures in compliance with California law.

85.    Because Defendants failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and Indemnification Class Members for monies to compensate them for such expenditures or losses pursuant to Labor Code section 2802.

86.    As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiff and Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of themself and on behalf of the Indemnification Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and Indemnification Class Members, pursuant to Labor Code section 2802.

87.    Pursuant to Labor Code Section 2802, Plaintiff and Indemnification Class Members are entitled to recover full indemnification, reasonable attorneys' fees and costs of suit.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

**VIOLATION OF LABOR CODE SECTION 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

88.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

89.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

90.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and

any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

91.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

92.     Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

93.     Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

94.     As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage

Exhibits to Notice of Removal
32

Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

95.     Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

96.     Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

97.     Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

### SEVENTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

**IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

98.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

99.     At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

100.     An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of

Exhibits to Notice of Removal
33

1   resignation. *Id.*

2       101.   Defendants failed to pay Plaintiff and on information and belief, the Waiting Time

3   Class, with all wages earned and unpaid prior to separation of employment, in accordance with

4   either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at

5   all relevant times within the limitations period applicable to this cause of action, Defendants

6   maintained a policy or practice of not paying hourly employees all earned wages timely upon

7   separation of employment.

8       102.   Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

9   earned prior to separation of employment timely in accordance with Labor Code sections 201 and

10  202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to

11  separation of employment in accordance with Labor Code sections 201 and 202, but intentionally

12  adopted policies or practices incompatible with the requirements of Labor Code sections 201 and

13  202. Defendants' practices include failing to pay at least minimum wage for all time worked,

14  overtime wages for all overtime hours worked, meal period premium wages, and/or rest period

15  premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned

16  wages timely upon separation of employment, they knew what they were doing and intended to do

17  what they did.

18      103.   Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time

19  Class are entitled to all wages earned prior to separation of employment that Defendants have yet

20  to pay them.

21      104.   Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are

22  entitled to continuation of their wages, from the day their earned and unpaid wages were due until

23  paid, up to a maximum of thirty (30) days.

24      105.   As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

25  suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

26  earned prior to separation of employment.

27      106.   As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

28  suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

---

**COMPLAINT**

Exhibits to Notice of Removal
34

1   wages owed under Labor Code section 203.

2   107.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their

3   unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

4   **EIGHTH CAUSE OF ACTION**

5   **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS**

6   **CODE SECTIONS 17200, ET SEQ.**

7   **(Against All Defendants by Plaintiff and the California Class)**

8   108.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9   109.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

10  within the meaning of Business and Professions Code section 17200. This unfair conduct includes

11  Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

12  employees at least at the minimum wage rate for all hours which they worked; failure to pay

13  overtime wages for all overtime hours worked; failure to authorize or permit all legally required

14  and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit

15  all legally required and/or compliant rest periods or pay rest period premium wages; failure to

16  indemnify all necessary expenditures or losses incurred in direct consequence of discharging

17  duties; failure to provide accurate wage and hour statements; and failure to timely pay all wages

18  due upon separation of employment. Due to their unfair and unlawful business practices in

19  violation of the Labor Code, Defendants have gained a competitive advantage over other

20  comparable companies doing business in the State of California that comply with their obligations

21  to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked;

22  authorize or permit all legally required and/or compliant meal periods or pay meal period premium

23  wages; authorize or permit all legally required and/or compliant rest periods or pay rest period

24  premium wages; indemnify all necessary expenditures or losses incurred in direct consequence of

25  discharging duties; provide accurate wage and hour statements; and timely pay all wages due upon

26  separation of employment.

27  110.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

28  California Class have suffered injury in fact and lost money or property, as described in more

detail above.

111.    Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION:**

1.    That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.    That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.    For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.    For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.    That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to Labor Code section 1194.2;

Exhibits to Notice of Removal
36

5.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.      For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.      That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2.      For damages, according to proof, including but not limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

5.      For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

6.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.      That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

2.      For damages, according to proof, including unpaid premium wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Exhibits to Notice of Removal
37

**ON THE FOURTH CAUSE OF ACTION:**

1.      That Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

2.      For damages, according to proof, including unpaid premium wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.That the Defendants be found to have violated the indemnification provisions of the Labor Code as to the Plaintiff and the Indemnification Class;

1.      For damages, according to proof, including unpaid use and/or costs of necessary tools and/or resources;

2.      For any and all legally applicable penalties;

3.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 2802, and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 2802; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.      That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

Exhibits to Notice of Removal
38

3.    For pre-judgment interest and post-judgment interest;

4.    For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

5.    For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SEVENTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and

4.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE EIGHTH CAUSE OF ACTION:

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq*., for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such other further relief, in law and/or equity, as the Court deems just or

Exhibits to Notice of Removal
39

1    appropriate.

2

3    Dated: December 21, 2023              Respectfully submitted,
                                           **LAVI & EBRAHIMIAN, LLP**
4

5                                  By:    _____

6                                          Joseph Lavi, Esq.
                                           Vincent C. Granberry, Esq.
7                                          Jovahn Wiggins, Esq.
                                           Cassandra Castro, Esq.
8                                          Attorneys for Plaintiff
                                           TOM JACOBS
9                                          on behalf of himself and others similarly situated

10

11                        **DEMAND FOR JURY TRIAL**

12          Plaintiff TOM JACOBS demands a trial by jury for himself and the California Class on all

13   claims so triable.

14

15   Dated: December 21, 2023              Respectfully submitted,
                                           **LAVI & EBRAHIMIAN, LLP**
16

17                                 By:    _____

18                                         Joseph Lavi, Esq.
                                           Vincent C. Granberry, Esq.
19                                         Jovahn Wiggins, Esq.
                                           Cassandra Castro, Esq.
20                                         Attorneys for Plaintiff
                                           TOM JACOBS
21                                         on behalf of himself and others similarly situated

22

23

24

25

26

27

28

**COMPLAINT**
33

Exhibits to Notice of Removal
40

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**12/28/2023**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ S. Pesko _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PALAMERICAN SECURITY CALIFORNIA INC.; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TOM JACOBS, on behalf of himself and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Alameda County Superior Court<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland CA 94612 |

**CASE NUMBER:**
*(Número del Caso):*
**23CV057373**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776) ; Vincent C. Granberry, Esq. (SBN 276483) ; Jovahn Wiggins, Esq. (SBN 349903) ; Cassandra Castro, Esq. (SBN 334238)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200, Beverly Hills, CA 90211    T: (310) 432-0000    F: (310) 432-0001

Chad Finke, Executive Officer / Clerk of the Court

DATE:
*(Fecha)* 12/21/2023

Clerk, by _____ *Sue Pesko* _____ , Deputy
*(Secretario)*                           *(Adjunto)*
S. Pesko

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibits to Notice of Removal

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483); Jovahn Wiggins, Esq. (SBN 349903)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

TELEPHONE NO.: (310) 432-0000          FAX NO. *(Optional):* (310) 432-0001
E-MAIL ADDRESS: jlavi@lelawfirm.com; vgranberry@lelawfirm.com; jwiggins@lelawfirm.com; ccastro@lelawfirm.com
ATTORNEY FOR *(Name):* PLAINTIFF Tom Jacobs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
12/21/2023 at 03:13:23 PM
By: Suzanne Pesko,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Jacobs v. Palamerican Security California Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 23CV057373 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 21, 2023

Vincent C. Granberry, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Vincent C. Granberry* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Exhibits to Notice of Removal

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Exhibits to Notice of Removal

43

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    Print this form    Save this form    Clear this form

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
TOM JACOBS, on behalf of himself and others similarly situated

DEFENDANT:
PALAMERICAN SECURITY CALIFORNIA INC.

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
12/21/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _S. Pesko_ Deputy
S. Pesko

CASE NUMBER:
23CV057373

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 04/19/2024      Time: 8:30 AM      Dept.: 23
>
> Location: Rene C. Davidson Courthouse
>             Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Exhibits to Notice of Removal

44

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/21/2023

Chad Finke, Executive Officer / Clerk of the Court

By: _Sue Pesko_ Deputy

S. Pesko

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
TOM JACOBS, on behalf of himself and others similarly situated

DEFENDANT/RESPONDENT:
PALAMERICAN SECURITY CALIFORNIA INC.

## CERTIFICATE OF MAILING

CASE NUMBER:
23CV057373

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Joseph Lavi
Lavi &amp; Ebrahimian, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/28/2023

By: _Sue Pesko_

S. Pesko, Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibits to Notice of Removal
45

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483); Jovahn Wiggins, Esq. (SBN 349903)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd, Suite 200<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 432-0000    FAX NO. *(Optional):* (310) 432-0001<br>E-MAIL ADDRESS: jlavi@lelawfirm.com; vgranberry@lelawfirm.com; jwiggins@lelawfirm.com; ccastro@lelawfirm.com<br>ATTORNEY FOR *(Name):* PLAINTIFF Tom Jacobs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>01/02/2024 at 03:42:52 PM<br>By: Damaree Franklin,<br>Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| CASE NAME:   Jacobs v. Palamerican Security California Inc., et al. | |

| AMENDED CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 23CV057373 |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Brad Seligman<br>DEPT.: 23 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 2, 2024

Vincent C. Granberry, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Vincent C. Granberry*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Exhibits to Notice of Removal

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | AMENDED **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

AMENDED CIVIL CASE COVER SHEET

Exhibits to Notice of Removal

For your protection and privacy, please press the Clear This Form button after you have printed the form.
Print this form    Save this form    Clear this form

47

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Jacobs v. Palamerican Security California Inc., et al. | 23CV057373 |

**CIVIL CASE COVER SHEET ADDENDUM**

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

|  |  |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|  | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
|  |  | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
|  | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
|  | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
|  | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
|  | Civil rights (08) | [ ] 80 Civil rights (G) |
|  | Defamation (13) | [ ] 84 Defamation (G) |
|  | Fraud (16) | [ ] 24 Fraud (G) |
|  | Intellectual property (19) | [ ] 87 Intellectual property (G) |
|  | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
|  | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
|  | Other employment (15) | [X] 85 Other employment (G) |
|  |  | [ ] 53 Labor comm award confirmation |
|  |  | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
|  | Collections (09) | [ ] 81 Collections (G) |
|  | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
|  | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
|  | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
|  | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
|  | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
|  | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
|  | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
|  | Writ of Mandate (02) | [ ] 49 Writ of mandate |
|  |  | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
|  | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
|  | Construction defect (10) | [ ] 82 Construction defect |
|  | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
|  | Securities litigation (28) | [ ] 91 Securities litigation |
|  | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
|  | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
|  |  | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
|  | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
|  | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
|  |  | [ ] 69 Other petition |

202-19 (5/1/00)

# Exhibit 2

Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda
01/12/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
A. Tumonong

TOM JACOBS, on behalf of himself and others similarly situated

PALAMERICAN SECURITY CALIFORNIA INC.

23CV057373

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective  01/12/2024 , an order was made that the above-entitled action, previously assigned to  Brad  Seligman ,
is now and shall be assigned to  Tara  Desautels 
as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department    23    at   Rene C. Davidson Courthouse .
(See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Chad Finke, Executive Officer / Clerk of the Court

Dated:  01/12/2024 

By  A. Tumonong 
Deputy Clerk

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/12/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>A. Tumonong |
| PLAINTIFF/PETITIONER:<br>TOM JACOBS, on behalf of himself and others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PALAMERICAN SECURITY CALIFORNIA INC. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV057373 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Joseph Lavi
Lavi &amp; Ebrahimian, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/12/2024                By:

A. Tumonong, Deputy Clerk

**CERTIFICATE OF MAILING**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse, Department 23

### JUDICIAL OFFICER: HONORABLE TARA DESAUTELS

Courtroom Clerk: Ana Liza Tumonong                                    CSR: None

**23CV057373**                                                        January 12, 2024
                                                                            1:29 PM

**JACOBS**
 **vs**
**PALAMERICAN SECURITY CALIFORNIA INC.**

### MINUTES

**NATURE OF PROCEEDINGS: Court Order Deemed Complex**

This case is hereby determined to be complex within the meaning of Rule 3.400 of the California Rules of Court.

The case is ordered reassigned to Judge Tara Desautels in Department 23 at the Rene C. Davidson Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the Initial Status Conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 23. No responsive pleadings may be filed until further order of the Court. Parties may file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance, and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing Affidavit of Prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 subdivisions (a) and (b), each party is ordered to pay $1,000.00 for complex fees, payable to Alameda County Superior Court, within ten (10) calendar days of service of this order.

Any party objecting to the complex designation must file an objection with proof of service in Department 23 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 23 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

Any previously calendared hearings in departments other than the newly assigned courtroom are advanced to this date and vacated.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.
The Court orders counsel to obtain a copy of this order from the eCourt portal.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

By:          A. Turnonong, Deputy Clerk
                      Minutes of: 01/12/2024
                      Entered on: 01/12/2024

---

Exhibits to Notice of Removal
54

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| TOM JACOBS, on behalf of himself and others similarly situated<br>　　　　　　　Plaintiff/Petitioner(s)<br>　　　　　　vs.<br>PALAMERICAN SECURITY CALIFORNIA INC.<br>　　　　　　　Defendant/Respondent(s) | No.　　23CV057373<br><br>Date:　　01/12/2024<br>Time:　　1:34 PM<br>Dept:　　23<br>Judge:　　Tara Desautels<br><br><br>ORDER Deemed Complex |

This case is hereby determined to be complex within the meaning of Rule 3.400 of the California Rules of Court.

The case is ordered reassigned to Judge Tara Desautels in Department 23 at the Rene C. Davidson Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the Initial Status Conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 23. No responsive pleadings may be filed until further order of the Court. Parties may file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance, and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing Affidavit of Prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 subdivisions (a) and (b), each party is ordered to pay $1,000.00 for complex fees, payable to Alameda County Superior Court, within ten (10) calendar days of service of this order.

Any party objecting to the complex designation must file an objection with proof of service in Department 23 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 23 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

Any previously calendared hearings in departments other than the newly assigned courtroom are advanced to this date and vacated.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

Exhibits to Notice of Removal
55

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.
The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :  01/12/2024

---

ORDER Deemed Complex

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

Tara Desautels / Judge

---

ORDER Deemed Complex                                    Page 3 of 3

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>01/12/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>A. Tumonong |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>TOM JACOBS, on behalf of himself and others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PALAMERICAN SECURITY CALIFORNIA INC. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL<br>PROCEDURE 1010.6** | CASE NUMBER:<br>23CV057373 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Deemed Complex entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**


Joseph Lavi
Lavi &amp; Ebrahimian, LLP
jlavi@lelawfirm.com


Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/12/2024                    By:

                                        A. Tumonong, Deputy Clerk

Exhibits to Notice of Removal
58

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse, Department 23

### JUDICIAL OFFICER: HONORABLE TARA DESAUTELS

Courtroom Clerk: Ana Liza Tumonong                                    CSR: None

---

**23CV057373**                                                        January 12, 2024
                                                                      1:34 PM

**JACOBS**
  **vs**
**PALAMERICAN SECURITY CALIFORNIA INC.**

---

### MINUTES

**NATURE OF PROCEEDINGS: Court Order Initial Case Management Conference**

Initial Case Management Conference is scheduled for 05/01/2024 at 2:30 PM in Department 23 at Rene C. Davidson Courthouse.

The following order shall apply to all parties in this action:

1. CASE MANAGEMENT CONFERENCES

At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the Case Management Conferences. See LRC, Rule 3.290.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Courtesy copies of statements must be delivered directly to Dept. 23. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:
A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.
B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C. Deadlines and limits on joinder of parties and amended or additional pleadings;
D. Class discovery and class certification, if applicable;

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1) unserved parties and the reasons for the failure to serve;

(2) unserved and/or unfiled cross-complaints;

(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4) any possible jurisdictional or venue issues that may arise;

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order. If published, this tentative case management order will become the order of the Court unless counsel or self-represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.

2. NOTICE OF FEE CHANGES - JURY TRIAL FEE

Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable. With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).

3. DISCOVERY

---

Exhibits to Notice of Removal
60

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion. Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

### 4. EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice. Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give notice that a hearing has been dropped or a settlement reached, to request a discovery conference, emergency scheduling issues (i.e. running late to a hearing), to give notice that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 23, to communicate with the courtroom clerk regarding department 23 procedures, or other matters that the court has expressly authorized in this case.

### 5. Pro Hac Vice Process

Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted. Applications will not be considered on an ex parte basis. CRC 9.40.

### 6. NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will be published in the Court's website in the Register of Action for this case. The clerk of the court WILL NOT serve each party a copy of future orders. Instead, unless otherwise ordered, counsel shall obtain copies of all future orders from the Register of Action in this case.

### SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The clerk is directed to serve a copy of this CASE MANAGEMENT ORDER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

By:   A. Tumonong, Deputy Clerk
       Minutes of: 01/12/2024
       Entered on: 01/12/2024

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

| | |
|---|---|
| TOM JACOBS, on behalf of himself and others similarly situated<br><div align=right>Plaintiff/Petitioner(s)</div><div align=center>vs.</div>PALAMERICAN SECURITY CALIFORNIA INC.<br><div align=right>Defendant/Respondent</div>(s) | No.    23CV057373<br><br>Date:    01/12/2024<br>Time:    1:37 PM<br>Dept:    23<br>Judge:    Tara Desautels<br><br><br>ORDER Initial Case Management Conference |

Initial Case Management Conference is scheduled for 05/01/2024 at 2:30 PM in Department 23 at Rene C. Davidson Courthouse.

The following order shall apply to all parties in this action:

1. CASE MANAGEMENT CONFERENCES

At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the Case Management Conferences. See LRC, Rule 3.290.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Courtesy copies of statements must be delivered directly to Dept. 23. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:
A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.
B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C. Deadlines and limits on joinder of parties and amended or additional pleadings;
D. Class discovery and class certification, if applicable;

---

ORDER Initial Case Management Conference                                      Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1) unserved parties and the reasons for the failure to serve;

(2) unserved and/or unfiled cross-complaints;

(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4) any possible jurisdictional or venue issues that may arise;

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order. If published, this tentative case management order will become the order of the Court unless counsel or self-represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.

## 2. NOTICE OF FEE CHANGES - JURY TRIAL FEE

Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable. With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).

## 3. DISCOVERY

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders

Exhibits to Notice of Removal
64

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion. Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

## 4. EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice. Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give notice that a hearing has been dropped or a settlement reached, to request a discovery conference, emergency scheduling issues (i.e. running late to a hearing), to give notice that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 23, to communicate with the courtroom clerk regarding department 23 procedures, or other matters that the court has expressly authorized in this case.

## 5. Pro Hac Vice Process

Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted. Applications will not be considered on an ex parte basis. CRC 9.40.

## 6. NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will be published in the Court's website in the Register of Action for this case. The clerk of the court WILL NOT serve each party a copy of future orders. Instead, unless otherwise ordered, counsel shall obtain copies of all future orders from the Register of Action in this case.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The clerk is directed to serve a copy of this CASE MANAGEMENT ORDER

Exhibits to Notice of Removal
65

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

Dated :  01/12/2024

Tara Desautels / Judge

Exhibits to Notice of Removal
66

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/12/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>A. Tumonong |
| PLAINTIFF/PETITIONER:<br>TOM JACOBS, on behalf of himself and others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PALAMERICAN SECURITY CALIFORNIA INC. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>23CV057373 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Initial Case Management Conference entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Joseph Lavi
Lavi &amp; Ebrahimian, LLP
jlavi@lelawfirm.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/12/2024            By:

A. Tumonong, Deputy Clerk

Exhibits to Notice of Removal
67

# Exhibit 3

John Erin McOsker (SBN 169191)
E-mail:  jmcosker@bwslaw.com
Daphne M. Anneet (SBN 175414)
E-mail:  danneet@bwslaw.com
Viviano E. Aguilar (SBN 306029)
E-mail:  vaguilar@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600    Fax:  213.236.2700

Attorneys for Defendant PalAmerican
Security (California) Inc.

<div align="center">

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

</div>

| | |
|---|---|
| TOM JACOBS, on behalf of himself and others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>PALAMERICAN SECURITY CALIFORNIA INC.; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 23CV057373<br>Assigned to Hon. Tara Desautels<br>Dept:  23<br><br>**DEFENDANT PALAMERICAN SECURITY (CALIFORNIA) INC.'S ANSWER TO PLAINTIFF TOM JACOBS'S COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>Action Filed:  December 21, 2023<br>Trial Date: None Set |

Defendant PalAmerican Security (California) Inc. erroneously named as "PALAMERICAN SECURITY CALIFORNIA INC." ("Defendant"), hereby answers the Complaint for Damages and Restitution filed by Plaintiff Tom Jacobs ("Plaintiff"), in the above-captioned matter as follows:

<div align="center">

**<u>GENERAL DENIAL</u>**

</div>

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies generally and specifically each and every allegation contained in each and every paragraph in Plaintiff's Complaint for Damages and Restitution.  Defendant further denies that Plaintiff or the purported class members Plaintiff seeks to represent have been damaged in any amount or at all.

///

## AFFIRMATIVE DEFENSES

Defendant, without in any way admitting any allegation of Plaintiff Tom Jacobs's Complaint for Damages and Restitution ("Complaint"), and without assuming the burden of proof or persuasion, also alleges the following separate and independent affirmative defenses. Defendant reserves the right to assert additional defenses or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint as a whole, and each purported cause of action, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff lacks standing and cannot represent the interests of the members of the putative class as to some or all of the alleged California Labor Code violations.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff and any putative class members Plaintiff seeks to represent lack standing to assert these causes of action because they are not within the class of persons protected by the California state statutes and wage orders upon which the causes of action are based.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff and any putative class members Plaintiff seeks to represent have suffered no actual injury due to Defendant's conduct.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff and any putative class members Plaintiff seeks to represent are barred, in whole or in part, based on the principles of waiver, estoppel, ratification, intervening or superseding cause, unclean hands, unjust enrichment, prevention of performance, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff and any putative class members Plaintiff seeks to represent are barred, in whole or in part, based on the failure to exhaust required administrative remedies or procedures, and/or to the extent that the claims raised exceed the claims actually presented in any required complaint, charge, or notice, and/or to the extent that they have failed to give timely and sufficient

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION

1  notice of breach or of other non-compliance, as required by relevant statutes, wage orders,

2  customs, collective bargaining agreement, and/or legal principles.

3                          **SEVENTH AFFIRMATIVE DEFENSE**

4         7.      Plaintiff and any putative class members Plaintiff seeks to represent failed to

5  mitigate their damages, if any.

6                          **EIGHTH AFFIRMATIVE DEFENSE**

7         8.      Plaintiff's claims and the claims of any putative class members Plaintiff seeks to

8  represent are barred, in whole or in part, based on the applicable statutes of limitation, including,

9  but not limited to, California Code of Civil Procedure §§ 335.1, 337, 338, 339, 340, 342 *et seq*.,

10 and California Labor Code § 2699.3, and California Business and Professions Code § 17208.

11                          **NINTH AFFIRMATIVE DEFENSE**

12        9.      Plaintiff's claims, and the claims of the putative class members Plaintiff seeks to

13 represent, are barred because the damages allegedly suffered were proximately caused or

14 contributed to by the acts or failures to act by Plaintiff or the putative class members Plaintiff

15 seeks to represent, or were proximately caused or contributed to by the acts or failures to act by

16 third persons over whom Defendant has no authority, responsibility, or control.

17                          **TENTH AFFIRMATIVE DEFENSE**

18        10.     Plaintiff's case cannot be maintained as a class action, and Plaintiff is not a

19 suitable representative of the putative class he seeks to represent, based on the inability to satisfy

20 the requirements of California Code of Civil Procedure § 382, and/or California Business &

21 Professions Code §§ 17200, *et seq*., and/or Federal Rules of Civil Procedure Rule 23.

22                          **ELEVENTH AFFIRMATIVE DEFENSE**

23        11.     At all relevant times, Defendant acted within the scope of discretion, with due care,

24 and good faith fulfillment of responsibilities pursuant to applicable statutes, wage orders, rules,

25 and regulation, within the bounds of reason under all circumstances known, and with the good

26 faith belief that its actions comported with all applicable laws.

27 ///

28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

3
Exhibits to Notice of Removal
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION
71

1

## TWELFTH AFFIRMATIVE DEFENSE

2       12.     Neither Plaintiff nor any putative class members are entitled to "waiting time"

3 penalties because Defendant's behavior was not "willful" within the meaning of California Labor

4 Code § 203. Therefore, penalties are not recoverable under the California Labor Code, including

5 California Labor Code § 203.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7       13.     Plaintiff and any putative class members Plaintiff seeks to represent were paid

8 legally-compliant regular rates of pay, including, but not limited to, with respect to any overtime,

9 sick time, and vacation time.

10

## FOURTEENTH AFFIRMATIVE DEFENSE

11       14.     Plaintiff and any putative class members Plaintiff seeks to represent were provided

12 legally-compliant meal and rest periods.

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14       15.     To the extent that Plaintiff and any putative class members Plaintiff seeks to

15 represent may not have taken a full meal or rest period, they were paid legally-compliant rates in

16 lieu of such periods.  To the extent that Plaintiff and any putative class members Plaintiff seeks to

17 represent voluntarily elected not to use the meal and rest periods provided to them, Defendant is

18 not liable for unpaid wages, damages, or penalties.

19

## SIXTEENTH AFFIRMATIVE DEFENSE

20       16.     Plaintiff and any putative class members Plaintiff seeks to represent were provided

21 accurate, written, itemized wage statements.

22

## SEVENTEENTH AFFIRMATIVE DEFENSE

23       17.     Plaintiff and any putative class members Plaintiff seeks to represent were provided

24 timely final wages upon separation of employment.

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26       18.     Plaintiff and any putative class members Plaintiff seeks to represent were

27 reimbursed for all necessary business expenses, if any.

28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION

Exhibits to Notice of Removal

72

1

**NINETEENTH AFFIRMATIVE DEFENSE**

2    19.    Plaintiff's claims are not common or typical of the putative class members Plaintiff

3  seeks to represent.

4

**TWENTIETH AFFIRMATIVE DEFENSE**

5    20.    The types of claims alleged are matters to which individual questions predominate

6  and, therefore, are not appropriate for class treatment because they are fact intensive and require

7  highly individualized inquiries to determine if Plaintiff or any other person is an aggrieved

8  employee or otherwise a member of the proposed class.  As such, adjudicating these claims on a

9  representative or class basis would present intractable management issues which would deprive

10  Defendant of its right to a fair trial on the merits.  Accordingly, these claims cannot be fairly tried

11  on a representative or class basis without impairing Defendant's right to assert individualized

12  defenses to those claims as they pertain to individual employees of Defendant.

13

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

14    21.    If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the

15  loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff and/or

16  the putative class members Plaintiff seeks to represent and, as they did not exercise ordinary care,

17  their own acts and omissions proximately caused and contributed to the loss, injury, damage, or

18  detriment alleged by them and their recovery, if any, should be reduced in proportion to the

19  percentage of their negligence or fault.

20

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

21    22.    If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the

22  loss, injury, damage, or detriment was caused and contributed to by the actions of persons, firms,

23  corporations, entities, or organizations other than Defendant and, by reason thereof, Defendant is

24  not liable for any loss, injury, damage, or detriment.

25

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

26    23.    Plaintiff seeks damages and other relief which are not recoverable under the

27  California Labor Code and/or California Business & Professions Code.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
los angeles

5

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION

Exhibits to Notice of Removal

73

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2      24.      The penalties claimed are excessive and/or would deprive Defendant of due process

3  and, thus, violate Defendant's rights under the California and Federal Constitutions.

4

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

5      25.      Under the circumstances of this case, penalties are not recoverable because such

6  recovery would be unjust, arbitrary, oppressive, or confiscatory.

7

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

8      26.      Defendant asserts that to the extent Plaintiff and the putative class seek equitable

9  relief under the Eighth Cause of Action under California Business and Professions Code §§ 17200,

10  *et seq.*, they are not entitled to a jury trial, and instead must adjudicate their claims by way of a

11  bench trial.  *See Hodge v. Sup. Ct.*, 145 Cal. App. 4th 278 (2006).

12

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13      27.      Plaintiff and/or anyone whom he seeks to represent in this action are barred from

14  recovering any penalties for lost wages, or any recovery for lost wages must be offset or reduced,

15  if and to the extent Defendant already compensated them fully or in excess of what was required

16  by law. Alternatively, Defendant is entitled to a set-off for amounts Plaintiff and/or anyone whom

17  he seeks to represent in this action owe Defendant for receipt of wages or other benefits to which

18  they were not entitled or did not earn.  Plaintiff's Complaint, and each purported cause of action

19  alleged therein, is barred, in whole, or in part, because Plaintiff and the putative class members

20  failed to exhaust administrative remedies under California Labor Code §§ 98-98.2, 558, and

21  2699.3, and/or failed to take steps required by the California Labor Code and/or the collective

22  bargaining agreement in order to initiate this Action.

23

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24      28.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred,

25  in whole or in part, to the extent that Plaintiff and/or the putative class members agreed to submit

26  such claims to bilateral and binding arbitration, as further provided in the applicable collective

27  bargaining agreement.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
los angeles

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION

Exhibits to Notice of Removal
74

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2      29.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred,

3  in whole or in part, because Defendant is informed and believes that a reasonable opportunity for

4  investigation and discovery will reveal that, and, on that basis, Defendant alleges that, some or all

5  certain hours claimed by Plaintiff and the putative class members are not "hours worked" within

6  the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under

7  applicable California law; thus, compensation need not be paid for those hours.

8

### THIRTIETH AFFIRMATIVE DEFENSE

9      30.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred,

10  in whole or in part, because, assuming arguendo that Plaintiff and/or putative class members were

11  not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative

12  class members are not entitled to recover damages because Defendant's alleged failure to comply

13  with California Labor Code § 226(a) was not a "knowing and intentional failure" under California

14  Labor Code § 226(e).

15

### THIRTY-FIRST AFFIRMATIVE DEFENSE

16      31.     Plaintiff's claims and those of the putative class members are barred, in whole or in

17  part, because Defendant's conduct has at all times been undertaken with legitimate business

18  justifications and in reasonable good belief in the lawfulness of their actions.

19

### THIRTY-SECOND AFFIRMATIVE DEFENSE

20      32.     Plaintiff's claims and those of the putative class members are barred, in whole or in

21  part, because such individuals entered into a class action waiver and/or waiver of their ability to

22  bring representative claims. Plaintiff himself entered into such a class and representative action

23  waiver since he is part of the bargaining unit covered by the collective bargaining agreement.

24

### THIRTY-THIRD AFFIRMATIVE DEFENSE

25      33.     Plaintiff's representative claims are barred in whole or in part because Plaintiff and

26  the putative class members, or some of them, lack standing and/or their claims are moot.

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims and the claims of the putative class members are barred, to the extent such claims have been settled and released. Such claims are subject to settlement and release because there exists a *bona fide* dispute over whether such wages are due, if any.  In addition, such claims are barred to the extent they have been satisfied and resolved through an accord and satisfaction.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims and the claims of the putative class members are barred because each cause of action asserted in the Complaint falls under the Labor Management Relations Act or are otherwise preempted by federal labor-contract law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff's Complaint and each purported cause of action alleged therein is barred because Plaintiff and those he seeks to represent failed to timely initiate and/or utilize the grievance procedures required by their collective bargaining agreement. The grievance procedures in the applicable collective bargaining agreement provide the exclusive means for these disputes. Plaintiff and those Plaintiff seeks to represent failed to timely comply with the aforementioned grievance procedure barring each purported cause of action alleged in the Complaint. The collective bargaining agreement provides that untimely grievances are deemed withdrawn with prejudice; therefore, Plaintiff's Complaint is barred in its entirety.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's Complaint should be dismissed due to Plaintiff's failure to join indispensable parties in this action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     A valid collective bargaining agreement or agreements expressly provide for the wages, hours of work, and working conditions of Plaintiff and those he seeks to represent, falling under the exceptions under California Labor Code Section 514 and applicable wage orders.

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESTITUTION

1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

2      39.      This action involves claims governed by the parties' Collective Bargaining

3  Agreement, and as such, this action is subject to federal jurisdiction under 28 U.S.C.A. § 1331 and

4  such claims are barred on the basis of preemption under Section 301 of the Labor Management

5  Relations Act of 1947 ("LMRA").

6

### FORTIETH AFFIRMATIVE DEFENSE

7      40.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred,

8  in whole or in part, because, to the extent that alleged violations of any provision of the California

9  Labor Code occurred, if any, Defendant's conduct was not knowing, willful, purposeful,

10  malicious, reckless, or negligent.

11

### FORTY-FIRST AFFIRMATIVE DEFENSE

12      41.      Because the Complaint is couched in conclusory terms, Defendant cannot fully

13  anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to

14  assert additional affirmative defenses, if and to the extent that such affirmative defenses are

15  applicable, is hereby reserved.

16      **WHEREFORE**, Defendant prays for entry of judgment as follows:

17      1.      Plaintiff and the putative class members take nothing by reason of the Complaint;

18      2.      The Complaint be dismissed in its entirety with prejudice;

19      3.      Judgment be entered in favor of Defendant and recover its costs of suit and

20  attorneys' fees; and

21      4.      For such other relief as the Court may deem just and appropriate.

22  Dated:  February 21, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

23

24                                              By: _____

25                                              John E. McOsker
                                                Daphne M. Anneet
26                                              Viviano E. Aguilar
                                                Attorneys for Defendant PalAmerican
27                                              Security (California) Inc.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
los angeles

PROOF OF SERVICE
**Tom Jacobs v. Palamerican Security, Inc.**
**Case No. 23CV057373**

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Ventura, State of California.  My business address is 2310 East Ponderosa Drive, Suite 25, Camarillo, CA 93010-4747.

On February 21, 2024, I served true copies of the following document(s) described as **DEFENDANT PALAMERICAN SECURITY (CALIFORNIA) INC.'S ANSWER TO PLAINTIFF TOM JACOBS'S COMPLAINT FOR DAMAGES AND RESTITUTION** on the interested parties in this action as follows:

Joseph Lavi, Esq.                                      *Attorneys for Plaintiff TOM JACOBS*
Vincent C. Granberry, Esq.
Jovahn Wiggins, Esq.
Cassandra Castro, Esq.
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone: 310.432.0000
Facsimile: 310.432.0001
Email: jlavi@lelawfirm.com
Email: vgranberry@lelawfirm.com
Email: jwiggins@lelawfirm.com
Email: ccastro@lelawfirm.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address dwetters@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 21, 2024, at Camarillo, California.


/s/ Kathleen van Daalen Wetters
Kathleen van Daalen Wetters

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES