UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JACOBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALAMERICAN SECURITY (CALIFORNIA) INC.,<br><br>　　　　Defendant. | Case No. 24-cv-01079-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Tom Jacobs brings this putative class action against Defendant Palamerican Security (California) Inc. for failure to timely pay minimum wage and overtime wages, permit meal and rest periods, reimburse employees for employment-related costs, and provide accurate wage statements. (Dkt. No. 1 at 8-40.)[1] Before the Court is Plaintiff's motion to remand and request for attorneys' fees. (Dkt. No. 13.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS Plaintiff's motion to remand but DENIES Plaintiff's request for attorneys' fees. Defendant has failed to establish Plaintiff's claims are preempted by the Collective Bargaining Agreement, so the Court lacks subject matter jurisdiction over this action.

**DISCUSSION**

Defendant removed this action based on federal question jurisdiction on the grounds this action is preempted by the Labor Management Relations Act. (Dkt. No. 1 at 3.) Plaintiff moves to remand for lack of subject matter jurisdiction. (Dkt. No. 13-1.)

Federal district courts have jurisdiction under 28 U.S.C. § 1331 over "all civil actions

---

[1] Record citations are to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

arising under the Constitution, laws, or treaties of the United States." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). However, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Id*. "Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim." *Id*. A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**I.   Preemption**

Under § 301 of the Labor Management Relations Act,

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983). So, "[a]ny such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id*. "This is true even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

The Ninth Circuit "has articulated a two-step inquiry to analyze § 301 preemption of state law claims." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

First, the question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]. If the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted, and the analysis ends there." *Id*. If the right underlying the plaintiff's state law claims exists independently of a collective bargaining agreement, the second question is "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is preempted by § 301. If there is not, then the claim can proceed under state law." *Id*. at 1032-33.

Defendant's removal notice contends Plaintiff's "action involves claims governed by the parties' Collective Bargaining Agreement." (Dkt. No. 1 at 3.) Defendant does not argue the rights underlying Plaintiff's complaint arise from the Collective Bargaining Agreement; rather, Defendant insists Plaintiff's claims "require substantial interpretation or application of" the Collective Bargaining Agreement. (Dkt. No. 14 at 8.)

### a. Substantial Dependence

Whether Plaintiff's alleged state law rights are "substantially dependent" on the Collective Bargaining Agreement's terms depends on whether Plaintiff's claims can be resolved by "looking to versus interpreting" the Collective Bargaining Agreement. *Burnside*, 491 F.3d at 1060. "If the latter, the claim is preempted; if the former, it is not." *Id*. "The mere need to 'look to' the collective-bargaining agreement is no reason to hold a state-law claim defeated by § 301. It is only state-law actions that require interpretation of labor agreements that are preempted." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018) (cleaned up). "In the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Id*. (cleaned up).

> The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

*Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001).

3

Defendant contends Plaintiff's claims substantially depend on the Collective Bargaining Agreement on the grounds the Collective Bargaining Agreement (1) contains a class action waiver, (2) "provides that the dispute resolution process is the exclusive means of resolving wage and hour disputes," (3) "requires and describes contract-specific procedures for employees who allegedly do not receive meal and/or rest breaks," and (4) "defines which calls are reimbursable and provides a procedure for obtaining reimbursement for such expenses." (Dkt. No. 14 at 8-9.)

### i. Class Action Waiver

The Collective Bargaining Agreement contains a class action waiver:

> <u>No Class or Collective Action Claims.</u>
> To the full extent permitted by law, the Parties agree that Employees and the Employer shall each bring and pursue claims against the other only in their individual capacities, and shall not bring, pursue, join, or act as a plaintiff or class member in any purported class or collective proceeding.
>
> For avoidance of doubt, the Union, as the exclusive bargaining representative of employees covered by this Agreement, agrees that the employees covered by this Agreement waive their right to assert Wage and Hour Claims or Disputes in state or federal court as members of a class and/or collective action or as the representative/lead plaintiff of a class and/or collective action.

(Dkt. No. 15-1 at 42.) The class action waiver is a defense, and "§ 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." *Cramer*, 255 F.3d at 691. "Where a party defends a state cause of action on the ground that the plaintiff's union has bargained away the state law right at issue, the [collective bargaining agreement] must include 'clear and unmistakable' language waiving the covered employees' state right 'for a court even to consider whether it could be given effect." *Id*. at 692. "[A] court may look to the [collective bargaining agreement] to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption." *Id*.; *see also Jacobs v. Mandalay Corp.*, 378 F. App'x 685, 687 (9th Cir. 2010) ("That a [collective bargaining agreement] lacks a clear waiver of state rights requires only that the court look to, and not interpret, the [collective bargaining agreement].").

Indeed, in *Caterpillar Inc. v. Williams*, the Supreme Court rejected the defendant's argument § 301 preempts state law claims where the employer raises a defense based on a

4

collective bargaining agreement:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. **But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law**, thereby selecting the forum in which the claim shall be litigated.

482 U.S. 386, 398-99 (1987) (bolded emphasis added).

"Section 301 preemption is an exception to the well-pleaded complaint rule only where the face of the complaint shows a § 301 issue requiring interpretation of a [collective bargaining agreement]." *Dall v. Albertson's, Inc.*, 234 F. App'x 446, 449 (9th Cir. 2007). Defendant fails to show Plaintiff's claims require interpretation of the class action waiver. Because the class action waiver presents a § 301 issue "only because of [Defendant's] defense, and not from the face of the complaint," the exception does not apply. *Id.*

### ii. Dispute Resolution Process

The Collective Bargaining Agreement also provides:

> The Union and the Employer intend that the grievance and arbitration provisions in the Collective Bargaining Agreement shall be the exclusive method of resolving all disputes between the Employer and the Union and the employees covered by this Agreement unless otherwise set forth herein or required under applicable law. The grievance and arbitration provisions shall also cover "Wage and Hour Claims or Disputes," which shall include, to the fullest extent permitted by applicable law, all state and federal statutory claims for alleged unpaid wages, claims relating to uniform maintenance, training time, rest periods, meal periods, recovery periods, overtime pay, vacation pay, expense reimbursement, penalties (including claims brought under Labor Code sections 2698-2699.5 (PAGA)), and all other wage and hour related matters, expressly including claims arising under the Fair Labor Standards Act, California Labor Code Sections 201, 203, 204, 226, 226.7, 227.2, 510-512, 551-558, and 1194, and/or Employer obligations under any applicable California Wage Orders that could have been brought in state or

federal court.

(Dkt. No. 15-1 at 39-40.) The dispute resolution process is also a defense. Defendant offers neither argument nor authority to explain how Plaintiff's claims require interpretation of the Collective Bargaining Agreement's dispute resolution provision. So, the dispute resolution provision fails to trigger § 301 preemption for the same reasons the class action waiver fails to trigger § 301 preemption. *See Caterpillar Inc.*, 482 U.S. at 399 ("[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule."); *see also Burnside*, 491 F.3d at 1060 ("[R]eliance on the [collective bargaining agreement] as an aspect of a defense is not enough to "inject[] a federal question into an action that asserts what is plainly a state-law claim.").

### iii. Meal and Rest Break Procedures

The Collective Bargaining Agreement also provides:

> An employee who did not receive a rest break, or whose rest break was interrupted without rescheduling, must indicate each incident on his or her time card or Daily Activity Report for that week and initial such in the box indicating such, otherwise the Employer may assume that the employee received all rest breaks as required by law. Disputes regarding rest breaks shall be resolved in accordance with Article 25 (Grievance and Arbitration Procedure), and the grievance shall be filed within the time allowed by law, provided that after exhausting said Grievance and Arbitration Procedure, the dispute may be resolved in accordance with the provisions of Section 25.10 of this Agreement.
>
> [. . .]
>
> An employee who did not receive a meal period must indicate ~~such~~ each incident on his or her time card or Daily Activity Report for that week and initial such in the box indicating such, otherwise the Employer may assume that the employee received all meal periods as required by law and this collective bargaining agreement. Disputes regarding meal periods shall be resolved in accordance with Article 25 (Grievance and Arbitration Procedure), and the grievance shall be filed within the time allowed by law, provided that after exhausting said Grievance and Arbitration Procedure, the dispute may be resolved in accordance with the provisions of Section 25.10 of this Agreement.

(Dkt. No. 15-1 at 16.) Defendant avers "Plaintiff does not allege that he filed any grievances pursuant to Article 25 of the [Collective Bargaining Agreement] or that he participated in any related arbitrations." (Dkt. No. 14 at 6.) But this, too, is a defense. Again, Defendant fails to

1  show Plaintiff's claims require interpretation of the Collective Bargaining Agreement's meal and

2  rest break provisions.  So, these provisions also fail to trigger § 301 preemption.

### iv.  Reimbursement Procedures

The Collective Bargaining Agreement states:

> All employees will be reimbursed for telephone calls made regarding customer or operations business matters provided a written request for reimbursement, along with supporting documentation, is submitted timely to the Employer in accordance with its policies. Telephone calls seeking work, assignments, or personal matters shall not be reimbursed.

(Dkt. No. 15-1 at 20.)  Defendant argues Plaintiff's claim for failure to reimburse employees for employment-related costs requires interpretation of the Collective Bargaining Agreement because it "defines which calls are reimbursable and provides a procedure for obtaining reimbursement for such expenses."  (Dkt. No. 14 at 9.)  But Plaintiff alleges Defendant wrongfully "[r]equir[ed] Plaintiff and similarly situated security guards to use their personal cell phones to clock in and out for their shifts and meal breaks without reimbursement of the cellular and/or data expenses associated with such use."  (Dkt. No. 1 at 30 ¶ 82.)  Plaintiff's claim has nothing to do with telephone calls.  So, Plaintiff's claim does not require interpretation of the Collective Bargaining Agreement's provision on reimbursable telephone calls.  Section 301 preemption is thus inapplicable.  *See Livadas v. Bradshaw*, 512 U.S. 107, 123-24 (1994) ("[I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement, that decides whether a state cause of action may go forward." (cleaned up)).

* * *

Defendant has failed to show Plaintiff's claims are substantially dependent on any of the identified provisions of the Collective Bargaining Agreement, so § 301 preemption is inapplicable.  Consequently, Defendant has failed to establish federal question jurisdiction.

Though Defendant removed this action based solely on federal question jurisdiction, Defendant's opposition seeks to demonstrate diversity jurisdiction without making any attempt to establish the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).  (Dkt. No. 14 at 9-10); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). Instead, after acknowledging Plaintiff worked for Defendant for less than three months, Defendant merely states "the ability to recover attorney's fees makes it much more likely that the amount in controversy requirement will turn out to be satisfied." (Dkt. No. 14 at 9.) This statement is insufficient to meet Defendant's burden.

Moreover, a defendant must remove a case to federal court within 30 days of being served with the complaint or other paper showing the basis for removal. *See* 28 U.S.C. § 1446(b). "The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000). It is too late for Defendant to assert a new jurisdictional basis for removal.

So, Defendant fails to establish removal was proper.

## II. Attorneys' Fees

Plaintiff insists he is entitled to attorneys' fees and costs incurred as a result of Defendant's removal and requests an award of $7,200. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Neither party advances any argument as to whether Defendant lacked an objectively reasonable basis for removal. Though Defendant's removal lacked merit, it was not objectively unreasonable because Plaintiff's employment with Defendant was governed by the Collective Bargaining Agreement. (Dkt. No. 15 ¶ 5.) So, Plaintiff's request for attorneys' fees and costs is DENIED.

//
//
//
//
//

8

**CONCLUSION**

Accordingly, Plaintiff's motion for remand is GRANTED, but its motion for attorneys' fees is DENIED.  This action is remanded to the Superior Court of California, County of Alameda to the United States District Court of California, Northern District of California.

This Order disposes of Docket No. 13.

**IT IS SO ORDERED.**

Dated: May 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge